Philip R. Weltin, Esq. (State Bar No. 46141)
Daniel R. Weltin, Esq.  (State Bar No. 226600)
Weltin Law Office, P.C.
1432 Martin Luther King Jr. Way
Oakland, California  94612
Telephone (510) 251-6060
Fax (510) 251-6040

Attorneys for Plaintiffs
Janet Young and Edward Young

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET YOUNG, EDWARD YOUNG;<br><br>Plaintiffs,<br><br>v.<br><br>COASTAL ISLAND CHARTERS, MICHAEL BAUER, LORI BAUER<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

1. The District Court has original jurisdiction over this civil action based on admiralty and maritme law and  on the grounds of diversity of citizenship, pursuant to 28 United States Code Section 1332(a), because the plaintiffs are citizens of the State of California, the defendants are citizens of the State of Alaska, and the amount in controversy exceeds $75,000.00.  The district court has personal jurisdiction over the defendants based upon the doctrine of minimum contacts within the State of California.

2. The amount in controversy exceeds $75,000.00, exclusive of interests and costs.

3. Plaintiffs Janet Young and Edward Young are a married couple, and they are citizens and domiciliaries of the State of California.

4. The plaintiffs are informed and believe that Defendant Coastal Island Charters is a business entity whose principal place of business is located in the State of Alaska, and whose members are citizens and domiciliaries of the State of Alaska.

5. The plaintiffs are further informed and believe that Defendants Michael L. Bauer and Lori Bauer are citizens and domiciliaries of the State of Alaska.

6. The plaintiffs are informed and believe that the M/V Huntress is a marine vessel owned, managed, maintained, controlled, and operated in the navigable waters of the United States.

7. At all times mentioned herein, each defendant has maintained a regular place of business for the purpose of transporting passengers and/or property on the vessel M/V Huntress.

8. At all times mentioned herein, each defendant advertised his/her/its services to the general public.

9. At all times mentioned herein, each defendant charged standard fees for his/her/its services.

10. At all times mentioned herein, each and every defendant was the agent and employee of each and every other defendant and in doing the things herein alleged was acting within the course and scope of such agency and employment, and in doing the acts herein alleged was acting with the consent, permission, and authorization of each of the remaining defendants. All actions of each defendant as herein alleged were ratified and approved by the officers or managing agents of each and every other defendant.

Complaint for Damages and Demand for Jury Trial

11.  Plaintiffs are informed and believe and, on that basis, they allege that prior to the events causing this litigation, and continuing to the present time, each defendant has engaged in substantial, continuous, and systematic business activities within the State of California, including but not limited to advertising for and the solicitation of passengers to hire the M/V Huntress and entering contracts for the hire of said vessel.

12.  On July 18, 2004, Plaintiffs Janet Young and Edward Young were passengers on the vessel M/V Huntress, then located on the navigable waters of the United States.

13.  On July 18, 2004, Plaintiff Janet Young fell into a hatch located in the dining room of the vessel M/V Huntress, and she suffered and continues to suffer severe harm, including injury to her body and shock to her nervous system.

14.  As a result of the July 18, 2004 incident, Plaintiff Janet Young has also suffered and continues to suffer special damages, including but not limited to present and future hospital and medical expenses, loss of wages, and loss of earning capacity.

## FIRST CAUSE OF ACTION
(Negligence by Common Carrier)

15.  Plaintiffs incorporate herein paragraphs 1 through 14 of this Complaint for Damages as though fully set forth herein

16.  Each defendant is a common carrier under the provisions of California Civil Code section 2168.

17.  At all times mentioned herein, each defendant and his/her/its agents, employees and servants negligently failed to use the highest standard of care and vigilance required of a common carrier and failed to provide everything necessary for the safe carriage of Plaintiff Janet Young by, among other things, leaving a hatch open and failing to properly train crew members.

18. The negligent acts and/or failure to act by each defendant and his/her/its agents, employees and servants was a substantial factor in causing the harm that the Plaintiffs Janet Young and Edward Young have suffered and continue to suffer, as alleged herein.

**WHEREFORE**, Plaintiff Janet Young pray for judgment against these defendants as hereinafter set forth.

## SECOND CAUSE OF ACTION
(Negligence)

19. Plaintiffs incorporate herein paragraphs 1 through 18 of this Complaint for Damages as though fully set forth herein.

20. At all times mentioned herein each defendant and his/her/its agents, employees and servants negligently and carelessly owned, operated, managed, maintained, and controlled the vessel M/V Huntress by, among other things, leaving a hatch open and failing to properly train crew members.

21. The negligent acts and/or failure to act by each defendant and his/her/its agents, employees and servants was a substantial factor in causing the harm that the Plaintiffs Janet Young and Edward Young have suffered and continue to suffer, as alleged herein.

**WHEREFORE**, Plaintiff Janet Young pray for judgment against these defendants as hereinafter set forth.

## THIRD CAUSE OF ACTION
(Loss of Consortium)

22. Plaintiffs incorporate herein paragraphs 1 through 21 of this Complaint for Damages as though fully set forth herein.

Complaint for Damages and Demand for Jury Trial

23. Due to the injuries that Plaintiff Janet Young suffered as a result of the July 18, 2004 incident, Plaintiff Edward Young has suffered and continues to suffer harm resulting from the loss of consortium, love, companionship, comfort, care, assistance, protection, affection, society, and moral support of his wife, Plaintiff Janet Young.

24. The defendants' negligent acts or failure to act alleged in the first and second causes of action were substantial factors in causing the harms identified above to Plaintiff Edward Young.

**WHEREFORE**, Plaintiff Edward Young prays for judgment against these defendants as hereinafter set forth.

### PRAYER FOR JUDGMENT

**WHEREFORE**, plaintiffs pray for judgment against these defendants as follow:

a. Damages for past and future physical pain, mental suffering, emotional distress, and inconvenience suffered by Plaintiff Janet Young in an amount according to proof;

b. Damages for past and future loss of consortium suffered by Plaintiff Edward Young in an amount according to proof;

c. Damages for medical expenses, loss of earning and loss of earnings capacity and other special damages in an amount according to proof;

d. Attorney's fees incurred in bringing this action;

e. Costs of suit incurred in bringing this action;

f. Such other and further relief as this court deems just and proper.

Dated:  November 30, 2004                    WELTIN LAW OFFICE, P.C.

_____
Philip R. Weltin
Attorney for Plaintiffs

### DEMAND FOR JURY TRIAL

- 5 -

Complaint for Damages and Demand for Jury Trial

Plaintiffs hereby demand a trial by jury in the within action.

Dated: November 30, 2004             WELTIN LAW OFFICE, P.C.


_____
Philip R. Weltin
Attorney for Plaintiffs